UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

APPROXIMATELY $343,041.70
IN U.S. CURRENCY SEIZED
FROM BANK OF AMERICA ACCT.
NO. 08162-11343, and

APPROXIMATELY $113,211.76
IN U.S. CURRENCY SEIZED
FROM WASHINGTON MUTUAL ACCT.
NO. 00920008721499,

        Defendant.
_____

BUN K. SOUNG
SEKARITH BE,

        Claimants
_____

NO. CIV. S-04-2404 WBS/JFM

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

       After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for June 20, 2005, and makes the following findings

1  and orders without needing to consult with the parties any
2  further:
3      I.   SERVICE OF PROCESS & NOTICE TO INTERESTED PARTIES
4      The court issued a warrant of arrest in rem for the
5  defendant property on November 10, 2004.  That warrant was
6  served on November 16 2004.  (See Proof of Service filed
7  November 17, 2004).
8      Notice of the forfeiture was sent to counsel for
9  claimant Bun K. Soung and Counsel for Sekharith Be and Chun Phic
10 Lim on November 10, 2004.  Potential claimant An Khun was
11 personally served with notice on November 29, 2004, through his
12 father Meng Khun, a person of suitable age and discretion.  Khun
13 has not filed a timely claim.  The government intends to seek
14 entry of a Clerk's default and entry of a default judgment
15 against Khun.
16     On December 3, 2004, the United States also published
17 notice of this action in the Stockton Record.  (See Proof of
18 Publication filed December 20, 2004).
19     The above actions having been taken, no further
20 service is permitted without leave of court, good cause having
21 been shown under Fed. R. Civ. P. 16(b).
22     II.  JOINDER OF PARTIES/AMENDMENTS
23     Except for claimants Bun K. Soung and Sekharith Be, no
24 other parties have come forward to assert an interest in the
25 defendant property, and the time for doing so has expired.
26 Accordingly, no further joinder of parties or amendments to
27 pleadings will be permitted except with leave of court, good
28 cause having been shown under Fed. R. Civ. P. 16(b).  See

1  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.
2  1992).
3              III.   JURISDICTION/VENUE
4              Jurisdiction is predicated upon 28 U.S.C. §§ 1345
5  (United States as plaintiff) and 1355 (fine, penalty or
6  forfeiture under act of Congress), and 18 U.S.C. §§ 981 and 984
7  (civil forfeiture), and 31 U.S.C. § 5317(c)(2)(civil
8  forfeiture).  Venue is proper pursuant to 28 U.S.C. § 1395 and
9  18 U.S.C. § 981(h).
10             IV.   DISCOVERY
11             Each party will serve the initial disclosures required
12 by Fed. R. Civ. P. 26 (a)(1) by no later than July 11, 2005.
13             Each party shall disclose experts and produce reports
14 in accordance with Fed. R. Civ. P. 26(a)(2) by no later than
15 September 30, 2005.
16             All discovery is left open, save and except that it
17 shall be so conducted as to be completed by October 30, 2005.
18 The word "completed" means that all discovery shall have been
19 conducted so that all depositions have been taken and any
20 disputes relative to discovery shall have been resolved by
21 appropriate order if necessary and, where discovery has been
22 ordered, the order has been obeyed.  All motions to compel
23 discovery must be noticed on the magistrate judge's calendar in
24 accordance with the local rules of this court and so that such
25 motions may be heard (and any resulting orders obeyed) not later
26 than October 30, 2005.
27 ///
28 ///

1        V.   MOTION HEARING SCHEDULE

2        All motions, except motions for continuances,
3 temporary restraining orders or other emergency applications,
4 shall be filed on or before November 30, 2005.  All motions
5 shall be noticed for the next available hearing date.  Counsel
6 are cautioned to refer to the local rules regarding the
7 requirements for noticing and opposing such motions on the
8 court's regularly scheduled law and motion calendar.

9        VI.   FINAL PRETRIAL CONFERENCE

10        The Final Pretrial Conference is set for January 17,
11 2006 at 10:00 a.m.  The conference shall be attended by at least
12 one of the attorneys who will conduct the trial for each of the
13 parties and by any unrepresented parties.

14        Counsel for all parties are to be fully prepared for
15 trial at the time of the Pretrial Conference, with no matters
16 remaining to be accomplished except production of witnesses for
17 oral testimony.  Counsel shall file separate pretrial
18 statements, and are referred to Local Rules 16-281 and 16-282
19 relating to the contents of and time for filing those
20 statements.  In addition to those subjects listed in Local Rule
21 16-281(b), the parties are to provide the court with: (1) a
22 plain, concise statement which identifies every non-discovery
23 motion which has been tendered to the court, and its resolution;
24 (2) a list of the remaining claims against the defendant
25 property; and (3) the estimated number of trial days.

26        In providing the plain, concise statements of
27 undisputed facts and disputed factual issues contemplated by
28 Local Rule 16-281(b)(3)-(4), the parties shall emphasize the

claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

### VII. TRIAL SETTING

The trial is set for February 7, 2006, at 9:00 a.m.

### VIII. SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

DATED: June 16, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE