McGREGOR W. SCOTT
United States Attorney
COURTNEY J. LINN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>APPROXIMATELY $343,041.70 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCT. NO. 08162-11343, and<br><br>APPROXIMATELY $113,211.76 IN U.S. CURRENCY SEIZED FROM WASHINGTON MUTUAL ACCT. NO. 009200008721499,<br><br>          Defendants. | 2:04-CV-02404-WBS-JFM<br><br>**FINAL JUDGMENT OF FORFEITURE** |

    Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

    1.  This is a civil forfeiture action against approximately $343,041.70 in funds seized on May 18, 2004 from Bank of America account number 08162-11343, and approximately $113,211.76 in funds seized from Washington Mutual account number 009200008721499 (hereinafter these funds, which total approximately $456,253.46, are referred to collectively as the "defendant funds").

1

1      2.   A Complaint for Forfeiture *In Rem* was filed on or about
2 November 10, 2004, seeking the forfeiture of the defendant funds
3 alleging that such funds were subject to forfeiture to the United
4 States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984 for violations
5 of 18 U.S.C. § 1960, and pursuant to 31 U.S.C. § 5317(c)(2)
6 (incorporating the forfeiture provisions applicable to cases brought
7 under 18 U.S.C. § 981(a)(1)(A)), for violations of 31 U.S.C. § 5324.
8      3.   On or about November 10, 2004, Magistrate Judge Drozd
9 issued a warrant of arrest in rem for the defendant funds, and that
10 warrant was duly executed and returned on November 17, 2004.
11     4.   On or about December 3, 2004, a Public Notice of Arrest of
12 defendant funds appeared by publication in the <u>Stockton Record</u> a
13 newspaper of general circulation in the county in which the
14 defendant funds were seized.  The Proof of Publication was filed
15 with the Court on December 20, 2004.
16     5.   In addition to the Public Notice of Arrest having been
17 completed, actual notice was given to the following individuals:
18          a.   Bun K. Soung by certified mailing dated November 10,
19               2004, and addressed to his counsel, Steve Toscher, who
20               agreed to accept notice on his behalf.
21          b.   Sekharith Be and Chun Phic Lim by certified mailing
22               dated November 10, 2004, and addressed to their counsel,
23               Bruce Locke, who agreed to accept notice on their behalf.
24               <u>See</u> Request for Clerk's Default filed October 3, 2005,
25               2005.
26          c.   An Khun by substitute service upon An Khun's father at
27               An Khun's residence on or about November 29, 2004.  <u>See</u>
28               Request for Clerk's Default filed June 10, 2005.

2

1       6.  On or about December 21, 2004, Sekharith Be filed a claim
2  in this action to approximately $30,000 of the defendant funds.  By
3  stipulation entered in the parallel criminal case on September 8,
4  2005, <u>United States v. Sekharith Be</u>, 2:04-CR-0220-WBS, Be agreed to
5  withdraw his claim.  Consistent with that stipulation, on or about
6  September 19, 2005, Be formerly withdrew his claim.
7       7.  On or about December 27, 2004, Bun K. Soung filed a claim
8  in this action to all of the defendant funds.  On or about January
9  12, 2005, Bun K. Soung filed an answer.
10      8.  Apart from claimant Bun K. Soung, no other claimants have
11 filed claims or answers in this matter who remain in this case as
12 claimants.  The time by which any person or entity may file a claim
13 and answer has expired.  The Clerk of the Court entered the Clerk's
14 Default of An Khun on June 22, 2005, and entered the Clerk's Default
15 of Chun Phic Lim on October 5, 2005.  Pursuant to Local Rule A-540,
16 the United States and Bun K. Soung thus join in a request that as
17 part of the Final Judgment of Forfeiture in this case the Court
18 enter default judgments against the interests of An Khun and Chun
19 Phic Lim without further notice.
20      Based on the above findings, and the Court being otherwise
21 fully advised in the premises, it is hereby
22           ORDERED AND ADJUDGED:
23    1.  That the Court adopts the Stipulation for Final Judgment of
24 Forfeiture entered into by and between the parties to this action.
25    2.  That judgment is hereby entered against claimant Bun K.
26 Soung and all other potential claimants who have not filed claims in
27 this action.
28       3.  Upon entry of a Final Judgment of Forfeiture, $366,253.46

of the defendant funds, together with any interest that may have accrued on that amount, seized on or about May 18, 2004, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 31 U.S.C. § 5317(c)(2), to be disposed of according to law.

    4.  Upon entry of a Final Judgment of Forfeiture herein, but no later than 60 days thereafter, the balance of the defendant funds, i.e., $90,000.00, together with any interest that may have accrued on such balance, shall be returned to claimant Bun K. Soung through his attorney, Steven R. Toscher.  The Department of Treasury shall remit the amount of $90,000.00, plus any accrued interest on that amount, made payable to Steven R. Toscher, 9150 Wilshire Boulevard, Suite 300, Beverly Hills, California 90212.

    5.  That plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest/seizure or forfeiture of the approximately $456,253.46 in defendant funds seized on or about May 18, 2004.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest/seizure or forfeiture, as well as to those now known or disclosed.  The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

    6.  Without admitting that the defendant funds were involved in, or traceable to, violations of 18 U.S.C. § 1960 and 31 U.S.C. §

4

5324, claimant Bun K. Soung stipulates that there was reasonable cause for the seizure and arrest of the defendant funds and that the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

7. All parties will bear their own costs and attorneys' fees.

SO ORDERED THIS 1st day of November, 2005.

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein and the allegations set forth in the Complaint for Forfeiture *In Rem* filed November 10, 2004, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant funds.

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5